UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Justin Downs, <br><br> Plaintiff, <br><br> v. <br><br> Cawley & Bergmann, LLP; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br> 5:15-CV-830[TJM/ATB] <br><br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Justin Downs, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Justin Downs ("Plaintiff"), is an adult individual residing in Liverpool, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Cawley & Bergmann, LLP ("Cawley"), is a New Jersey business entity with an address of 117 Kinderkamack Road, Suite 201, River Edge, New Jersey 07661, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Collectors") are individual collectors employed by Cawley and

whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Cawley at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Cawley for collection, or Cawley was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Cawley Engages in Harassment and Abusive Tactics**

11. In or around February 2015, Cawley began calling Plaintiff's cellular telephone, number 315-XXX-7050, in an attempt to collect the Debt.

12. Cawley called Plaintiff from telephone numbers 716-995-7577 and 716-650-5753 using an automatic telephone dialing system ("ATDS").

13. When Plaintiff answered calls from Cawley, he heard silence before being connected to a live representative.

14. Plaintiff never provided his cellular telephone number to Cawley or the Creditor and never provided his consent to receive automated calls.

15. In addition, on at least one occasion Plaintiff spoke with Cawley and told it to

stop calling him.

16. Nevertheless, Cawley continued to place automated calls to Plaintiff's cellular telephone.

17. Further, Cawley did not identify itself to Plaintiff and failed to inform Plaintiff that calls were an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.

23. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that communications were an attempt to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. At all times mentioned herein, Defendants called Plaintiff on his cellular telephone using an ATDS.

30. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

31. Defendants' telephone system(s) have some earmarks of a predictive dialer. When Plaintiff answered the phone, he heard silence before Defendants' telephone system would connect him to the next available representative.

32. Defendants' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be called by Defendants.

34. The telephone number called by Defendants was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

35. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 8, 2015

                         Respectfully submitted,

                         By  /s/ Sergei Lemberg

                         Sergei Lemberg (SL 6331)
                         LEMBERG LAW L.L.C.
                         1100 Summer Street, 3rd Floor
                         Stamford, CT 06905
                         Telephone: (203) 653-2250
                         Facsimile:  (203) 653-3424
                         Attorneys for Plaintiff